UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT W. KEOGH, as he is ADMINISTRATOR, and FESTUS JOYCE AND JOHN S. DESMOND, as they are TRUSTEES, SHEET METAL WORKERS LOCAL UNION NO. 17 INSURANCE AND ANNUITY FUNDS; KEVIN GILL, as he is TRUSTEE, and STEPHEN MCKENZIE, as he is ADMINISTRATOR, SHEET METAL WORKERS LOCAL UNION NO. 17 APPRENTICE AND TRAINING FUND; THOMAS GUNNING, JR., as he is ADMINISTRATOR, EASTERN MASSACHUSETTS SHEET METAL INDUSTRY FUND, JOSEPH BERGANTINO, as he is TRUSTEE, LABOR MANAGEMENT COOPERATION TRUST FUND, JOHN HEALY, as he is TRUSTEE, SHEET METAL WORKERS LOCAL UNION NO. 17 SUPPLEMENTAL PENSION PLAN; MICHAEL SULLIVAN, as he is TRUSTEE, SHEET METAL WORKERS' NATIONAL PENSION FUND and NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND; and the SHEET METAL WORKERS LOCAL UNION NO. 17, Plaintiffs, v. NEW ENGLAND VENTILATION CO., INC., Defendant, and BANKNORTH N.A., Trustee. | C.A. No. 05-11330 WGY |

**MEMORANDUM IN SUPPORT OF PLANTIFFS' MOTION FOR
ATTACHMENT OF PERSONAL PROPERTY OF DEFENDANT**

This is an action to enforce the terms of a collective bargaining agreement and the terms of employee benefit plans.

Pursuant to Rule 64, Fed.R.Civ.P., M.G.L. c. 223, and Rule 4.1 Mass.R.Civ.P., Plaintiffs Robert W. Keogh, as he is administrator, et al., are entitled to an attachment of the Defendant's personal property if they can demonstrate that they are reasonably likely to recover judgment in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the Defendant to be available to satisfy the judgment. See International Ass'n of Bridge, Structural and Ornamental Iron Workers, Shopmen's Local Union 501 v. Burtman Iron Works, Inc., 164 F.R.D. 305, 306 (D.Mass. 1995). For the reasons stated below, Plaintiffs have satisfied the requirements for an Order of Attachment of the personal property of New England Ventilation Co., Inc. ("NEVC").

Specifically, Plaintiffs seek the attachment of the following property, owned by the company and utilized for business purposes, as well as any other available personal property:

Motor Vehicles

1. 1999 Ford Truck F150 Lariat/XL/XLT/Work Series (VIN 2FTRF18L9XCA21605)
2. 2000 Chevrolet Truck C/K3500 LS (VIN 1GCGC34R3YR159487)
3. 2003 GMC Truck C/K1500 Sierra Extended Cab/SLE/SLT/STA (VIN 2GTEK19T531172844)
4. 1992 Dodge Truck Ram250 Custom LE//Regular Cab (VIN 1B7KM26C1NS646802)
5. 1987 Ford Truck F350 Base Model (VIN 2FDKF37H1HCA36588)
6. 1986 Chevrolet Truck C/K10 Scottsdale/Silverado (VIN 2GCDC14H3G1213120)
7. 1985 Ford Truck F250 Base Model (VIN 1FDHF27H0FKA84046)

See Affidavit of Elizabeth A. Sloane dated July 8, 2005 ("Sloane Aff."), par. 3.

I. **THERE IS A REASONABLE LIKELIHOOD PLAINTIFF FUNDS WILL RECOVER JUDGMENT.**

NEVC is bound by a collective bargaining agreement between Local Union No. 17 of the Sheet Metal Workers' International Association ("Local 17" or the "Union") and the Sheet Metal and Airconditioning Contractors National Association ("SMACNA") Boston, Inc., of which it is

a member. Under that Agreement, NEVC is obligated to contribute to the Sheet Metal Workers' Local Union No. 17 Insurance, Annuity, Supplemental Pension, Apprentice and Training Funds, the Eastern Massachusetts Sheet Metal Industry Fund, the Labor Management Cooperation Trust, the Sheet Metal Workers' National Pension Fund, and the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), (referred to herein collectively as "the Funds"), as provided in the Agreement on behalf of all employees covered by the Agreement. Complaint, Exhibit B.

NEVC has failed to pay and now owes the Funds approximately $383,000.00 in unpaid contributions for work performed between March 1 and June 15, 2005. See Affidavit of Robert W. Keogh ("Keogh") dated June 23, 2005, on file in this case. This evidence is sufficient to find there is a reasonable likelihood that NEVC is liable to the Plaintiff Funds for these unpaid contributions.

## II. PLAINTIFFS ARE LIKELY TO RECOVER AN AMOUNT GREATER THAN THE AMOUNT OF THE ATTACHMENT THEY SEEK.

Section 502 of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §1132, provides that in any action brought to enforce Section 515 of ERISA, 29 U.S.C. §1145, the Court shall award the plan the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for by the plan, reasonable attorneys' fees and costs and such other legal or equitable action as the Court deems appropriate. Under ERISA, the Plaintiff Insurance, Annuity, Supplemental Pension, Apprentice and Training, National Pension Fund and SASMI, which are all ERISA funds, are entitled to all such amounts in addition to the principal amounts owed to them.

Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, authorizes labor organizations to sue employers for breach of a collective bargaining agreement, and receive what they are owed under such an agreement. Under the collective bargaining agreement NEVC signed with Local 17, NEVC owes unpaid contributions to the Equality Fund and the Industry Fund, as well as the other Funds, for work performed by covered employees for the period March 1 through June 15, 2005.

In summary, NEVC owes the Funds a total of at least $383,000.00 in benefit fund contributions for work performed between March 1 and June 15, 2005, has failed to pay any of that amount, and is likely to be found liable for more than that amount under ERISA. Plaintiffs are thus likely to recover an amount greater than the amount of the attachment they seek.

### III. DEFENDANT HAS INSUFFICIENT INSURANCE TO COVER PLAINTIFFS' CLAIMS.

As this is a contract claim, insurance would generally not be available to the Defendant and an attachment of Crane's property is therefore allowable. In any event, the burden is on the Defendant to show the existence of liability insurance to satisfy a prospective judgment. Johnson v. Harris, 1991 WL 226331, *2 (D.Mass. 1991).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court allow their Motion for Attachment of Personal Property of the Defendant.

4

Respectfully submitted,

ROBERT W. KEOGH, as he is
ADMINISTRATOR, and FESTUS JOYCE
AND JOHN DESMOND, as they are
Trustees, SHEET METAL WORKERS
LOCAL NO. 17 INSURANCE AND
ANNUITY FUNDS, et al.,

by their attorneys,

*/s/ Elizabeth A. Sloane*
Donald J. Siegel, Esq., BBO# 461500
Elizabeth A. Sloane, Esq., BBO#567866
SEGAL, ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
(617) 742-0208
SHEET METAL WORKERS
LOCAL UNION NO. 17,

by its attorneys,

*/s/ Paul F. Kelly*
Paul F. Kelly, Esq., BBO#267000
SEGAL, ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
(617) 742-0208

Dated: July 14, 2005

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Plaintiffs' Memorandum in Support of Motion for Attachment of Personal Property of Defendant has been served by first class main upon Richard Dupre, president of Defendant, at 514 Main Street and 152 Lorum Street, Tewksbury, MA 01852 this 14th day of July, 2005.

*Elizabeth A. Sloane*
Elizabeth A. Sloane, Esquire

ESloane/8603/05220/memattach-persprop