## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                                                                )
ROBERT W. KEOGH, as he is ADMINISTRATOR, and )
FESTUS JOYCE AND JOHN S. DESMOND, as they are )
TRUSTEES, SHEET METAL WORKERS LOCAL )
UNION NO. 17 INSURANCE AND ANNUITY FUNDS; )
KEVIN GILL, as he is TRUSTEE, and STEPHEN )
MCKENZIE, as he is ADMINISTRATOR, SHEET )
METAL WORKERS LOCAL UNION NO. 17 )
APPRENTICE AND TRAINING FUND; THOMAS )
GUNNING, JR., as he is ADMINISTRATOR, EASTERN )
MASSACHUSETTS SHEET METAL INDUSTRY FUND,)
JOSEPH BERGANTINO, as he is TRUSTEE, LABOR )
MANAGEMENT COOPERATION TRUST FUND, )
JOHN HEALY, as he is TRUSTEE, SHEET )        C.A. No.  05-11330 WGY
METAL WORKERS LOCAL UNION NO. 17 )
SUPPLEMENTAL PENSION PLAN; BRUCE )
STOCKWELL AND KENNETH ALEXANDER, as they )
are TRUSTEES, SHEET METAL WORKERS' )
NATIONAL PENSION FUND, and as they are )
fiduciaries, NATIONAL STABILIZATION )
AGREEMENT OF THE SHEET METAL INDUSTRY )
TRUST FUND, INTERNATIONAL TRAINING )
INSTITUTE FOR THE SHEET METAL AND AIR )
CONDITIONING INDUSTRY, SHEET METAL )
WORKERS' INTERNATIONAL ASSOCIATION )
SCHOLARSHIP FUND, NATIONAL ENERGY )
MANAGEMENT INSTITUTE COMMITTEE; and SHEET)
METAL OCCUPATIONAL HEALTH INSTITUTE )
TRUST FUND; and the SHEET METAL WORKERS )
LOCAL UNION NO. 17, )
            Plaintiffs, )
                                                                                )
                    v. )
                                                                                )
NEW ENGLAND VENTILATION CO., INC., )
            Defendant, )
                                                                                )
                    and )
                                                                                )
J.C. HIGGINS CORP.; CORPORATE MECHANICAL, )
INC.; FRED WILLIAMS, INC.; G. GREENE )
CONSTRUCTION CO., INC.; COMMONWEALTH )
AIR CONDITIONING & HEATING, INC.; US AIR )
CONDITIONING-HEATING, INC.; JE MERIT )

```
CONSTRUCTORS, INC.; N.B. KENNEY COMPANY,      )
INC.; POIRIER & SPRINGER, INC.; BROOKSTONE    )
BUILDERS, INC.; RAYTHEON COMPANY;             )
RAYTHEON EDUCATIONAL SYSTEMS, INC.;           )
INTEL MASSACHUSETTS, INC.; THOMAS G.          )
GALLAGHER, INC.; JOHNSON CONTROLS, INC.;      )
WYETH PHARMACEUTICALS, INC. AND/OR            )
WYETH LABORATORIES, INC.; and YORK            )
OPERATING COMPANY d/b/a                       )
YORK INTERNATIONAL CORPORATION,               )
            Reach and Apply Defendants,       )
                                              )
            and                               )
                                              )
BANKNORTH N.A. and SOVEREIGN BANK,            )
                                              )
            Trustees.                         )
_____)
```

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
## FOR TEMPORARY RESTRAINING ORDER (WITH NOTICE)

**I.     INTRODUCTION**

This is an action brought for injunctive relief and to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant New England Ventilation Company, Inc. (hereinafter "NEVC") is a Massachusetts corporation. Reach-and-Apply Defendants J.C. Higgins Corp.; Corporate Mechanical, Inc.; Fred Williams, Inc.; G. Greene Construction Co., Inc.; Commonwealth Air Conditioning & Heating, Inc.; US Air Conditioning-Heating, Inc.; J.E. Merit Constructors, Inc.; N.B. Kenney Company, Inc.; Poirier & Springer, Inc.; Brookstone Builders, Inc.; Raytheon Company; Raytheon Educational Systems, Inc.; Intel Massachusetts, Inc.; Thomas G. Gallagher, Inc.; Johnson Controls, Inc.; Wyeth Pharmaceuticals, Inc. and/or Wyeth Laboratories, Inc.; and York Operating Company d/b/a York International Corporation, are Massachusetts corporations or foreign corporations doing business in Massachusetts. This

action has been brought pursuant to §§502(a)(3) and 515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132(a)(3) and 1145 (hereinafter "ERISA"). The Court has exclusive jurisdiction of this action pursuant to §§502(a)(3) and (f) of ERISA, 29 U.S.C. §§1132(a)(3) and (f), without respect to the amount in controversy or the citizenship of the parties.

At this juncture, Plaintiffs are before the Court on a Motion for Temporary Restraining Order. Plaintiffs seek a Temporary Restraining Order enjoining all of the Reach-and-Apply Defendants and their agents, servants, employees, attorneys, and those persons in active participation or concert with them and those persons acting at their command, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of or making any payment to NEVC on account of sums that are due or will hereafter become due NEVC from them until such time as this Court has had the opportunity to hear a Motion for Preliminary Injunction in this action.

## II.   STATEMENT OF FACTS

NEVC is bound by a collective bargaining agreement between Local Union No. 17 of the Sheet Metal Workers' International Association ("Local 17" or the "Union") and the Sheet Metal and Airconditioning Contractors National Association ("SMACNA") Boston, Inc., of which it is a member. Under that Agreement, NEVC is obligated to contribute to the Sheet Metal Workers' Local Union No. 17 Insurance, Annuity, Supplemental Pension, Apprentice and Training Funds, the Eastern Massachusetts Sheet Metal Industry Fund, the Labor Management Cooperation Trust, the Sheet Metal Workers' National Pension Fund, and the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), National Energy Management Institute Committee ("NEMI"), Sheet Metal Occupational Health Institute Trust Fund

3

("SMOHI"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (f/k/a National Training Fund for the Sheet Metal and Air Conditioning Industry) and Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF") (referred to herein collectively as "the Funds"), as provided in the Agreement on behalf of all employees covered by the Agreement. First Amended Complaint, Exhibit B.

The Funds have not received all contributions due from New England Ventilation Co., Inc. ("NEVC") on behalf of employees covered by the collective bargaining agreement ("Agreement") between the Sheet Metal Workers Local Union No. 17 ("Local 17") and SMACNA, to which NEVC is bound, for the period March 1 through June 30, 2005. As of early June, 2005, the Sheet Metal Workers Local 17 Insurance and Annuity Funds' office, through which all of the Funds' contributions are transmitted, had received remittance reports from NEVC for the months of April through May 2005, but had not received the contributions. See Affidavit of Robert W. Keogh ("Keogh Aff."), accompanying this Memorandum, at ¶¶3-4.

In early July 2005, the Insurance and Annuity Funds' auditor, Manzi & Associates, audited NEVC's records. Additionally, NEVC subsequently sent to the Sheet Metal Workers Local 17 Insurance and Annuity Funds' office a remittance report for the month of June, 2005. Based on the information from the audit and the June remittance report, Robert Keogh, Administrator of the Insurance and Annuity Funds, calculated the amount of contributions owed by NEVC to all of the Plaintiff Funds for the period March 1 through June 30, 2005 to be $435,737.70. See Keogh Aff., ¶¶8, 10. The Funds' records indicate that Sheet Metal Workers Local 17 members worked for many different companies, including all of the Reach and Apply Defendants, in several cities and towns in Massachusetts, including Cambridge, Andover and Boston, on projects between March 1 and June 15, 2005. Keogh Aff., ¶ 9.

**III.   ARGUMENT**

4

Injunctive relief is specifically authorized by §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). Laborers' Fringe Benefit Funds, Detroit and Vicinity v. Northwest Concrete & Construction, Inc., 640 F.2d 1350, 1352 (6th Cir. 1981) ("Northwest Concrete"). A motion for a temporary restraining order, like a motion for preliminary injunction, is addressed to the sound discretion of the court. LeBeau v. Spirito, 703 F.2d 639, 642 (1st Cir. 1983). The standard to be used by the district court in ruling on a motion for preliminary injunction or temporary restraining order is well established.

> In deciding whether to grant a preliminary injunction, a district court must weigh the following four factors: 1) the likelihood of the movant's success on the merits; 2) the potential for irreparable harm to the movant; 3) a balancing of the relevant equities, i.e. "the hardship to the nonmovant if the restrainer issues as contrasted with the hardship to the movant if interim relief is withheld", Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991); and 4) the effect on the public interest of a grant or denial of the injunction.

Gately v. Comm. of Mass., 2 F.3d 1221, 1224 (1st Cir. 1993), cert. denied, 114 S.Ct. 1832 (1994) ("Gately"); Caroline T. v. Hudson School Dist., 915 F.2d 752, 754-755 (1st Cir. 1990); Agency Rent-A-Car, Inc. v. Connolly, 686 F.2d 1029, 1034 (1st Cir. 1982). Examination of each of these factors establishes that Plaintiffs are entitled to the relief requested.

**1)   Likelihood of Success**

"[T]he sine qua non of [the preliminary injunction or temporary restraining order standard] is whether the plaintiffs are likely to succeed on the merits." Gately, supra, 2 F.3d at 1225, citing Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). The exhibits and affidavits on file establish that Plaintiffs will prevail on the merits.

Massachusetts General Laws chapter 214, §3(6) is the Commonwealth's reach-and-apply statute. Under this statute, the Court must engage in a two-step process to establish (1) the indebtedness of the defendant and (2) that the defendant has property that can be reached by the

5

plaintiffs in satisfaction of the defendant's debt.  Hunter v. Youthstream Media Networks, Inc., 241 F.Supp.2d 52, 57 (D.Mass. 2002).  This two-step process is further explained as follows:

> The first step is in the nature of an action at law and requires the plaintiff to establish the debt owed by the principal defendant to the plaintiff.  Massachusetts Electric Company v. Athol One, Inc., 391 Mass. 685 (Mass. 1984) ("in the first step," the plaintiff must show the existence of a debt owed to the plaintiff by "the principal defendant") . . . "The second step involves the process of satisfying the debt," . . . "out of the property held by one who owes a debt to the principal defendant."  Massachusetts Electric Company v. Athol One, Inc., 391 Mass. at 687 . . . Under chapter 214, the plaintiff "must show that the property, by its nature, is incapable of attachment or of taking on execution in a legal action."  Massachusetts Electric Company v. Athol One, Inc., 391 Mass. at 687 . . .

Trustees v. Baldwin Steel Co., Inc., 2001 WL 1555539, *3-*5 (D.Mass. 2001).

Section 1145 of ERISA provides as follows: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. §1145.  In this case, NEVC is party to a collective bargaining agreement which obligates it to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement.  First Amended Complaint, Exhibit B, Section 13 and Addenda Nos. 6, 8, 10, 11, 5, 33.

In July 2005, NEVC sent to Robert Keogh's office remittance reports for June 2005.  The Company had previously sent in remittance reports for March through May 2005.  Additionally, in early July, 2005, NEVC's records were audited by a representative of the Funds.  The remittance reports and the audit revealed that $435,737.70 in delinquent contributions are owed for the period March 1 through June 30, 2005.  Keogh Aff., ¶8.  Thus, the existence of a debt owed Plaintiffs by NEVC has been clearly established.

6

The Funds are entitled to enforce the terms of the collective bargaining agreements between NEVC and the Sheet Metal Workers Local Union No. 17 as third party beneficiaries to such agreements, as well as the Declarations of Trust to which NEVC is bound through those collective bargaining agreements, under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a), and Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §1132(a)(3), and § 1145. Schneider Moving and Storage Co. v. Robbins, 466 U.S. 364 (1984) (permitting multiemployer trust funds' judicial enforcement of contribution provisions in trust agreements against participating employers under Section 301(a) of the LMRA and Section 502 of ERISA); Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 575 (1985) (noting that in Schneider it had rejected "[t]he notion that federal policy favors union enforcement of an employer's collectively bargained obligations to an employee benefit plan, to the exclusion of enforcement of the plan's trustees").

Further, the Plaintiffs wish to satisfy NEVC's debt, in part, out of payments owed NEVC by the Reach and Apply Defendants. Upon information and belief, NEVC has worked for the Reach and Apply Defendants on numerous projects between March and June 2005. The Funds' records indicate that Sheet Metal Workers Local 17 members worked for NEVC for the Reach and Apply Defendants in cities and towns in Massachusetts, including Cambridge, Boston and Andover, during the aforementioned period. Keogh Aff., ¶ 9. The Plaintiffs have a legal or equitable interest in any payments due NEVC from the Reach and Apply Defendants for any of these projects, or for any previous or subsequent projects. Payments held by the Reach and Apply Defendants cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

As such, Plaintiffs submit that they will prevail on the merits of their claim.

**2)** **Irreparable Harm**

If the Reach and Apply Defendants and their agents, servants, employees, attorneys, and those persons in active participation or concert with them were to secret, conceal, destroy, damage, sell, transfer, pledge, encumber, assign, or in any way or manner dispose of or reduce the value of or make any payment to NEVC on account of sums that are due or will hereafter become due NEVC from them, it would render the Funds unable to fully satisfy their fiduciary and statutory obligations to the Funds' beneficiaries and participants. "ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled . . ." Central States Pension Fund, 472 U.S. at 571. The Funds are entitled to contributions for all work performed by NEVC's employees. See Keogh Aff., ¶4; First Amended Complaint, Exh. B.

**3)   Balancing of Harms**

"The heart of the matter is whether 'the harm caused plaintiff without the injunction, in light of the plaintiff's likelihood of eventual success on the merits, outweighs the harm the injunction will cause defendants.'" Gately, supra, 2 F.3d at 1225, quoting Vargas-Figueroa v. Saldana, 826 F.2d 160, 162 (lst Cir. l987) (emphasis in original).

No harm can come to the Reach-and-Apply Defendants by being enjoined from disbursing payments that it already owes the defendant for work done by the defendant on its projects. The demonstrated harm to plaintiffs far outweighs any harm to the Reach-and-Apply Defendants.

**4)   Public Interest**

Congress declared it to be the policy of ERISA to "protect . . . the interest of participants in employee benefit plans and their beneficiaries . . . by providing for appropriate remedies, sanctions, and ready access to Federal courts." 29 U.S.C. §1001(b). The House Report on the Act's enforcement provisions states that they are

8

> designed specifically to provide both the Secretary and participants
> and beneficiaries with broad remedies for redressing or preventing
> violations of the Act.  The intent of the committee is to provide the
> full range of legal and equitable remedies available in both state
> and federal courts and to remove jurisdictional and procedural
> obstacles which in the past appear to have hampered effective
> enforcement of fiduciary responsibilities . . .

H.R. Rep. No. 93-533, 93d Cong., 2d Sess. 17, reprinted in [1974] U.S. Code Cong. & Ad. News, p. 4639, 4655.

The federal courts have interpreted this legislative history as "unambiguous evidence" that Section 502's enforcement provisions are intended to "have teeth" and to be "liberally construed."  Northwest Concrete, supra, at 1352.  "Given the array of remedies that ERISA provides for redressing and preventing violations of the statute, it is not surprising that federal courts have frequently resorted to injunctive relief when it has been perceived as necessary to fully protect the statutory and contractual rights of Fund participants and beneficiaries."  Metropolitan D.C. Paving Industry Employees Health and Welfare Trust Fund  v.  Jones & Artis Construction Co., 2 EBC 2227, 2223 (D. D.C., 1991).

"Congress made it abundantly clear that an employer would not be permitted to circumvent or ignore its funds, payment and other obligations under ERISA."  A & G, citing Northwest Concrete, supra, at 1352.  The public interest in preserving the integrity of employee pension, health, and welfare plans would be furthered by issuance of the temporary restraining order.

IV.     **CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that their Motion for Temporary Restraining Order be granted.

                 Respectfully submitted,

                 ROBERT W. KEOGH, as he is

        ADMINISTRATOR, and FESTUS JOYCE AND JOHN DESMOND, as they are Trustees, SHEET METAL WORKERS LOCAL NO. 17 INSURANCE AND ANNUITY FUNDS, et al.,

by their attorneys,

  /s/   Elizabeth A. Sloane_____
Donald J. Siegel, Esq., BBO#461500
Elizabeth A. Sloane, Esq., BBO#567866
SEGAL, ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA  02108
(617) 742-0208


SHEET METAL WORKERS
LOCAL UNION NO. 17,

by its attorneys,

  /s/ Paul F. Kelly_____
Paul F. Kelly, Esq., BBO#267000
SEGAL, ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA  02108
(617) 742-0208

Dated:  July 29, 2005

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the above Motion for Temporary Restraining Order (With Notice) has been served by requesting this day, July 29, 2005, the Deputy Sheriff for the appropriate county to deliver a copy of the same with the Amended Complaint and supporting pleadings upon the Defendant and Reach and Apply Defendants as follows:

Wyeth Laboratories
c/o Prentice Hall Corporation
84 State Street
Boston, MA  02109

Thomas G. Gallagher, Inc.
54 Washburn Avenue
Cambridge, MA  02140

Johnson Controls, Inc.

c/o CT Corporation Systems
101 Federal Street
Boston, MA  02110

Intel Massachusetts, Inc.
c/o CT Corporation Systems
101 Federal Street
Boston, MA  02110

Raytheon Educational Systems Company
c/o CT Corporation Systems
101 Federal Street
Boston, MA  02110

JE Merit Constructors, Inc.
CT Corporation Systems
101 Federal Street
Boston, MA  02110

York Operating Company d/b/a
c/o CT Corporation Systems
101 Federal Street
Boston, MA  02110

Corporate Mechanical, Inc.
200 Jefferson Road
Wilmington, MA  01887

US Air Conditioning-Heating, Inc.
Attn: Suzaane Clifford
24 Perry Road
Quincy, MA  02170

Fred Williams, Inc.
20 Scanlon Drive
Randolph, MA  02368

G. Greene Construction, Co., Inc.
Attn: Robert Greene
240 Lincoln Street
Allston, MA  02134

Commonwealth Air Conditioning & Heating, Inc.
c/o Corporation Service Company
84 State Street
Boston, MA  02109

J.C. Higgins Corp.
c/o Prentice Hall Corporation
84 State Street
Boston, MA  02109

Brookstone Builders, Inc.
74 Cambridge Road
Bedford, NH  03102

Poirier & Springer, Inc.
17E Sterling Street
No. Billerica, MA  01862

N.B. Kenney, Inc.
316 Codman Hill Road
Boxborough, MA  01719

      Additionally, this is to certify that a copy of the same documents was served on counsel for Reach-and Apply Defendant Raytheon Company, who agreed to accept service on behalf of Raytheon, Attorney Rebecca Ransom, Raytheon Company, 870 Winter Street, Waltham, MA  02451, this 29th day of July, 2005 by certified mail, postage prepaid.

                                            ___/s/ Elizabeth A. Sloane_____
                                            Elizabeth A. Sloane

ESloane/8603/NEVC/TROMemo