UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT W. KEOGH, as he is ADMINISTRATOR, and FESTUS JOYCE AND JOHN S. DESMOND, as they are TRUSTEES, SHEET METAL WORKERS LOCAL UNION NO. 17 INSURANCE AND ANNUITY FUNDS; KEVIN GILL, as he is TRUSTEE and STEPHEN MCKENZIE, as he is ADMINISTRATOR, SHEET METAL WORKERS LOCAL UNION NO. 17 APPRENTICE AND TRAINING FUND; THOMAS GUNNING, JR, as he is ADMINISTRATOR, EASTERN MASSACHUSETTS SHEET METAL AND INDUSTRY FUND; JOSEPH BERGANTINO, as he is TRUSTEE, LABOR MANAGEMENT CORPORATION TRUST FUND, JOHN HEALY, as he is TRUSTEE, SHEET METAL WORKERS LOCAL UNION NO. 17 SUPPLIMENTAL PENSION PLAN; BRUCE STOCKWELL AND KENNETH ALEXANDER, as they Are TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, and as they are fiduciaries NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION SCHOLARSHIP FUND, NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE; And SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST FUND; and the SHEET METAL WORKERS LOCAL UNION NO. 17, <br> Plaintiffs, <br><br> v. <br><br> NEW ENGLAND VENTILATION CO., INC., <br> Defendant, <br><br> and <br><br> J.C HIGGINS CORP.; CORPORATE MECHANICAL, INC.; FRED WILLIAMS, INC.; G. GREENE CONSTRUCTION CO., INC.; COMMONWEALTH | **C.A. No. 05-11330WGY** |

1

AIR CONDITIONING & HEATING, INC.; US AIR )
CONDITIONING-HEATING, INC.; JE MERIT )
CONSTRUCTORS, INC.; N.B. KENNEDY COMPANY )
INC.; PORIER & SPRINGER, INC.; BROOKSTONE )
BUILDERS, INC.; RAYTHEON COMPANY; )
RAYTHEON EDUCATIONAL SYSTEMS, INC.; )
INTEL MASSACHUSETTS, INC.; THOMAS G. )
GALLAGHER, INC.; JOHNSON CONTROLS, INC.; )
WYETH PHARACEUTICALS, INC. AND/OR WYETH )
LABORATORIES, INC.; and YORK OPERATING )
COMPANY d/b/a YORK INTERNATIONAL )
CORPORATION, )
                Reach and Apply Defendants, )
                and )

BANKNORTH, N.A. and SOVERIGN BANK, )
                Trustees. )

## REACH AND APPLY DEFENDANT
## POIRIER & SPRINGER, INC.'S
## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
## WITH AFFIRMATIVE DEFENSES

### Answer to First Amended Complaint

Now comes Reach & Apply Defendant Poirier & Springer, Inc. and answers the Plaintiff's Complaint as follows:

1.-22.- Insufficient knowledge to admit or deny.

23. Insufficient knowledge to admit or deny sentence one. Admit sentence two. Deny sentence three.

24.-37. Insufficient knowledge to admit or deny.

38. Answers are restated and realleged as set forth verbatim at this point.

39.-45. Insufficient knowledge to admit or deny.

46. Answers are restated and realleged as set forth verbatim at this point.

47.-49. Insufficient knowledge to admit or deny.

50. Answers are restated and realleged as set forth verbatim at this point.

51.-53. Insufficient knowledge to admit or deny.

WHEREFORE, the Reach Apply Defendant requests that the Complaint as to it be dismissed with prejudice and with costs assessed against the Plaintiff and for such further relief as the Court deems fair and equitable.

**Affirmative Defenses**

1. Plaintiffs' Complaint fails to state a cause of action and should be dismissed pursuant to Rule 12(b)(6), Mass.R.Civ.P.

2. Plaintiff's Complaint should be dismissed pursuant to M.G.L. c.231 s.6(f) with an award of reimbursement for Reach and Apply Defendant's reasonable attorneys' fees and costs.

3. Plaintiff's claim is barred due to a waiver by Defendant NEVC of the alleged debt with Reach & Apply Defendant Poirier & Springer.

4. Plaintiff's claim is barred due to a release by Defendant NEVC of the alleged debt with Reach & Apply Defendant Poirier & Springer.

5. Plaintiff's claim is barred due to payment in full by Reach & Apply Defendant Poirier & Springer to Defendant NEVC.

6. Plaintiff's claim is barred due to an accord and satisfaction with Defendant NEVC and Reach & Apply Defendant Poirier & Springer.

7. Reach and Apply Defendant Poirier & Springer is entitled to indemnification and/or contribution from Defendant NEVC.

8. Plaintiff's claim is barred because the allegation of a debt relationship between Reach & Apply Defendant Poirier & Springer and Defendant NEVC is not ripe.

9. Plaintiff's claim is barred because the allegation of a debt relationship between Reach & Apply Defendant Poirier & Springer and Defendant NEVC is moot.

10. Plaintiff's Complaint should be dismissed because it failed to mitigate its damages in this matter.

11. Plaintiff's Complaint is barred pursuant to M.G.L. c.214, s. 3(6) because the Defendant NEVC does not have any legal or equitable interest in any funds due from Reach & Apply Defendant Poirier & Springer.

12. Plaintiff's claims are barred because they have an adequate remedy at law.

Dated: August 15, 2005

RESPECTFULLY SUBMITTED,
REACH AND APPLY DEFENDANT POIRIER & SPRINGER, INC.
By their attorneys,

_____
Peter J. Nicosia, Esquire
BBO #567627

Nicosia & Associates, P.C.
315 Middlesex Road, PO Box 721
Tyngsboro, MA 01879

Tel. 978-649-4300
Fax. 978-649-9306
Email: nicosia@nicosia-associates.com