UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT W. KEOGH, as he is ADMINISTRATOR,
Et als,
   Plaintiffs

v.

NEW ENGLAND VENTILATION CO., INC.,
   Defendants

and

J.C. HIGGINS CORP., et als,
   Reach and Apply Defendants

and

BANKNORTH N.A. and SOVEREIGN BANK,
   Trustees

CASE NO. 05-1130-WGY

### ANSWER AND CROSSCLAIM OF REACH AND APPLY DEFENDANT J.C. HIGGINS CORP. TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1. Reach and Apply Defendant J.C. Higgins Corp. (Higgins) is without information sufficient to admit or deny the averments of paragraph 1 of the First Amended Complaint.

2. Higgins is without information sufficient to admit or deny the averments of paragraph 2 of the First Amended Complaint.

3. Higgins is without information sufficient to admit or deny the averments of paragraph 3 of the First Amended Complaint.

4. Higgins is without information sufficient to admit or deny the averments of paragraph 4 of the First Amended Complaint.

5. Higgins is without information sufficient to admit or deny the averments of paragraph 6 of the First Amended Complaint.

6. Higgins is without information sufficient to admit or deny the averments of paragraph 6 of the First Amended Complaint.

7. Higgins is without information sufficient to admit or deny the averments of paragraph 7 of the First Amended Complaint.

8. 1. Higgins is without information sufficient to admit or deny the averments of paragraph 8 of the First Amended Complaint.

9. Higgins is without information sufficient to admit or deny the averments of paragraph 9 of the First Amended Complaint.

10. Higgins is without information sufficient to admit or deny the averments of paragraph 10 of the First Amended Complaint.

11. Higgins is without information sufficient to admit or deny the averments of paragraph 11 of the First Amended Complaint.

12. Paragraph 12 requires no answer.

13. Higgins is without information sufficient to admit or deny the averments of paragraph 13 of the First Amended Complaint.

14. Higgins is without information sufficient to admit or deny the averments of paragraph 14 of the First Amended Complaint.

15. Higgins admits the first and second sentences of paragraph 15, and denies the third sentence of paragraph 15.

16. Higgins is without information sufficient to admit or deny the averments of paragraph 16 of the First Amended Complaint.

17. Higgins is without information sufficient to admit or deny the averments of paragraph 17 of the First Amended Complaint.

18. Higgins is without information sufficient to admit or deny the averments of paragraph 18 of the First Amended Complaint.

19. Higgins is without information sufficient to admit or deny the averments of paragraph 19 of the First Amended Complaint.

20. Higgins is without information sufficient to admit or deny the averments of paragraph 20 of the First Amended Complaint.

21. Higgins is without information sufficient to admit or deny the averments of paragraph 21 of the First Amended Complaint.

22. Higgins is without information sufficient to admit or deny the averments of paragraph 22 of the First Amended Complaint.

23. Higgins is without information sufficient to admit or deny the averments of paragraph 23 of the First Amended Complaint.

24. Higgins is without information sufficient to admit or deny the averments of paragraph 24 of the First Amended Complaint.

25. Higgins is without information sufficient to admit or deny the averments of paragraph 25 of the First Amended Complaint.

26. Higgins is without information sufficient to admit or deny the averments of paragraph 26 of the First Amended Complaint.

27. Higgins is without information sufficient to admit or deny the averments of paragraph 27 of the First Amended Complaint.

28. Higgins is without information sufficient to admit or deny the averments of paragraph 28 of the First Amended Complaint.

29. Higgins is without information sufficient to admit or deny the averments of paragraph 29 of the First Amended Complaint.

30. Higgins is without information sufficient to admit or deny the averments of paragraph 30 of the First Amended Complaint.

31. Higgins is without information sufficient to admit or deny the averments of paragraph 31 of the First Amended Complaint.

32. Higgins is without information sufficient to admit or deny the averments of paragraph 32 of the First Amended Complaint.

33. Higgins is without information sufficient to admit or deny the averments of paragraph 33 of the First Amended Complaint.

34. Higgins is without information sufficient to admit or deny the averments of paragraph 34 of the First Amended Complaint.

35. Higgins is without information sufficient to admit or deny the averments of paragraph 35 of the First Amended Complaint.

36. Higgins is without information sufficient to admit or deny the averments of paragraph 36 of the First Amended Complaint.

37. Higgins is without information sufficient to admit or deny the averments of paragraph 37 of the First Amended Complaint.

38. Higgins incorporates by reference its answers to paragraphs 1 through 27 as if fully stated herein.

39. Higgins is without information sufficient to admit or deny the averments of paragraph 39 of the First Amended Complaint.

40. Higgins is without information sufficient to admit or deny the averments of paragraph 40 of the First Amended Complaint.

41. Higgins is without information sufficient to admit or deny the averments of paragraph 41 of the First Amended Complaint.

42. Higgins is without information sufficient to admit or deny the averments of paragraph 42 of the First Amended Complaint.

43. Higgins is without information sufficient to admit or deny the averments of paragraph 43 of the First Amended Complaint.

44. Higgins is without information sufficient to admit or deny the averments of paragraph 44 of the First Amended Complaint.

45. Higgins is without information sufficient to admit or deny the averments of paragraph 45 of the First Amended Complaint.

46. Higgins incorporates by reference its answers to paragraphs 1 through 37 as if fully stated herein.

47. Higgins is without information sufficient to admit or deny the averments of paragraph 47 of the First Amended Complaint.

48. Higgins is without information sufficient to admit or deny the averments of paragraph 49 of the First Amended Complaint.

49. Higgins is without information sufficient to admit or deny the averments of paragraph 49 of the First Amended Complaint.

50. Higgins incorporates by reference its answers to paragraphs 1 through 37 as if fully stated herein.

51. Higgins admits that New England Ventilation Co., Inc. worked for it on construction projects in Massachusetts between March 1 and June 15, 2005. Higgins is without sufficient information to admit or deny the remaining averments of paragraph 51.

52. Higgins is without information sufficient to admit or deny the averments of paragraph 52 of the First Amended Complaint.

53. Higgins is without information sufficient to admit or deny the averments of paragraph 53 of the First Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim against Higgins upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

New England Ventilation Co., Inc. has been paid all sums to which it is entitled and therefore there are no funds due or to become due from Higgins to New England Ventilation Co., Inc.

### THIRD AFFIRMATIVE DEFENSE

On account of default in performance, New England Ventilation Co., Inc. owes money to Higgins.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have an adequate remedy at law.

## CROSSCLAIM

1. Reach and Apply Defendant and Plaintiff-in-Crossclaim J.C. Higgins Corp. (Higgins) is a Delaware corporation with its principal place of business at 70 Hawes Way, Stoughton, Massachusetts.

2. Defendant in Crossclaim, New England Ventilation Co., Inc., (NEVC) worked for Higgins on several projects in Massachusetts.

3. NEVC defaulted on several of the projects, exposing Higgins to incurring additional expense to complete NEVC's contract work.

4. NEVC is indebted to Higgins in an amount to be determined by the Court.

WHEREFORE, Higgins demands that:

1. Plaintiffs' claims against it be dismissed and that judgment enter in favor of Higgins on Plaintiffs' First Amended Complaint;

2. That the Court determine the amounts due from NEVC to Higgins on the Crossclaim and enter judgment in favor of Higgins in that amount;

3. That Higgins be awarded its costs of defense;

4. That Higgins be awarded interests and costs as provided by law; and

5. That Higgins be awarded such other relief as the Court deems proper.

                                              J.C. Higgins Corp.
                                              By Its Attorneys

Date: 8-19-05

                                              _____
                                              Kieran B. Meagher
                                              BBO# 340920
                                              Kieran B. Meagher Associates LLC
                                              92 Montvale Avenue, Suite 4180
                                              Stoneham, MA 02180
                                              (781) 246-1101

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August 2005 I served a copy of the foregoing document, by first-class mail, postage prepaid, upon all parties of record.

                                              _____
                                              Kieran B. Meagher

C:\Shared\KBM\Higgins\New England Ventilation-Keogh et al\Answer (Rev.2).doc