UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT W. KEOGH, as he is ADMINISTRATOR, |
Et als, |
          Plaintiffs |
 |
v. |
 |
NEW ENGLAND VENTILATION CO., INC., |
          Defendants |
 |         11330
and |  CASE NO. 05-~~11330~~-WGY
 |
J.C. COMAIR CORP., et als, |
          Reach and Apply Defendants |
 |
and |
 |
BANKNORTH N.A. and SOVEREIGN BANK, |
          Trustees |

## ANSWER OF REACH AND APPLY DEFENDANT COMMONWEALTH AIR CONDITIONING & HEATING, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1.    Reach and Apply Defendant Commonwealth Air Conditioning & Heating, Inc. (ComAir) is without information sufficient to admit or deny the averments of paragraph 1 of the First Amended Complaint.

2.    ComAir is without information sufficient to admit or deny the averments of paragraph 2 of the First Amended Complaint.

3.    ComAir is without information sufficient to admit or deny the averments of paragraph 3 of the First Amended Complaint.

4.    ComAir is without information sufficient to admit or deny the averments of paragraph 4 of the First Amended Complaint.

5.    ComAir is without information sufficient to admit or deny the averments of paragraph 6 of the First Amended Complaint.

6.    ComAir is without information sufficient to admit or deny the averments of paragraph 6 of the First Amended Complaint.

7.    ComAir is without information sufficient to admit or deny the averments of paragraph 7 of the First Amended Complaint.

8.    1.    ComAir is without information sufficient to admit or deny the averments of paragraph 8 of the First Amended Complaint.

9.    ComAir is without information sufficient to admit or deny the averments of paragraph 9 of the First Amended Complaint.

10.    ComAir is without information sufficient to admit or deny the averments of paragraph 10 of the First Amended Complaint.

11.    ComAir is without information sufficient to admit or deny the averments of paragraph 11 of the First Amended Complaint.

12.    Paragraph 12 requires no answer.

13.    ComAir is without information sufficient to admit or deny the averments of paragraph 13 of the First Amended Complaint.

14.    ComAir is without information sufficient to admit or deny the averments of paragraph 14 of the First Amended Complaint.

15.    ComAir admits the first sentence of paragraph 15, and is without sufficient information to admit or deny the remaining averments of paragraph 15.

16.    ComAir is without information sufficient to admit or deny the averments of paragraph 16 of the First Amended Complaint.

17.    ComAir is without information sufficient to admit or deny the averments of paragraph 17 of the First Amended Complaint.

18.    ComAir is without information sufficient to admit or deny the averments of paragraph 18 of the First Amended Complaint.

19.    ComAir admits the first two sentences, and is without sufficient information to admit or deny the remaining averments of paragraph 19 of the First Amended Complaint.

20.    ComAir is without information sufficient to admit or deny the averments of paragraph 20 of the First Amended Complaint.

21.    ComAir is without information sufficient to admit or deny the averments of paragraph 21 of the First Amended Complaint.

22.    ComAir is without information sufficient to admit or deny the averments of paragraph 22 of the First Amended Complaint.

23.    ComAir is without information sufficient to admit or deny the averments of paragraph 23 of the First Amended Complaint.

24.    ComAir is without information sufficient to admit or deny the averments of paragraph 24 of the First Amended Complaint.

25.    ComAir is without information sufficient to admit or deny the averments of paragraph 25 of the First Amended Complaint.

26.    ComAir is without information sufficient to admit or deny the averments of paragraph 26 of the First Amended Complaint.

27.    ComAir is without information sufficient to admit or deny the averments of paragraph 27 of the First Amended Complaint.

28.   ComAir is without information sufficient to admit or deny the averments of paragraph 28 of the First Amended Complaint.

29.   ComAir is without information sufficient to admit or deny the averments of paragraph 29 of the First Amended Complaint.

30.   ComAir is without information sufficient to admit or deny the averments of paragraph 30 of the First Amended Complaint.

31.   ComAir is without information sufficient to admit or deny the averments of paragraph 31 of the First Amended Complaint.

32.   ComAir is without information sufficient to admit or deny the averments of paragraph 32 of the First Amended Complaint.

33.   ComAir is without information sufficient to admit or deny the averments of paragraph 33 of the First Amended Complaint.

34.   ComAir is without information sufficient to admit or deny the averments of paragraph 34 of the First Amended Complaint.

35.   ComAir is without information sufficient to admit or deny the averments of paragraph 35 of the First Amended Complaint.

36.   ComAir is without information sufficient to admit or deny the averments of paragraph 36 of the First Amended Complaint.

37.   ComAir is without information sufficient to admit or deny the averments of paragraph 37 of the First Amended Complaint.

38.   ComAir incorporates by reference its answers to paragraphs 1 through 27 as if fully stated herein.

39. ComAir is without information sufficient to admit or deny the averments of paragraph 39 of the First Amended Complaint.

40. ComAir is without information sufficient to admit or deny the averments of paragraph 40 of the First Amended Complaint.

41. ComAir is without information sufficient to admit or deny the averments of paragraph 41 of the First Amended Complaint.

42. ComAir is without information sufficient to admit or deny the averments of paragraph 42 of the First Amended Complaint.

43. ComAir is without information sufficient to admit or deny the averments of paragraph 43 of the First Amended Complaint.

44. ComAir is without information sufficient to admit or deny the averments of paragraph 44 of the First Amended Complaint.

45. ComAir is without information sufficient to admit or deny the averments of paragraph 45 of the First Amended Complaint.

46. ComAir incorporates by reference its answers to paragraphs 1 through 37 as if fully stated herein.

47. ComAir is without information sufficient to admit or deny the averments of paragraph 47 of the First Amended Complaint.

48. ComAir is without information sufficient to admit or deny the averments of paragraph 49 of the First Amended Complaint.

49. ComAir is without information sufficient to admit or deny the averments of paragraph 49 of the First Amended Complaint.

50.    ComAir incorporates by reference its answers to paragraphs 1 through 37 as if fully stated herein.

51.    ComAir admits that New England Ventilation Co., Inc. worked for a construction project in Massachusetts between March 1 and June 15, 2005. ComAir is without sufficient information to admit or deny the remaining averments of paragraph 51.

52.    ComAir is without information sufficient to admit or deny the averments of paragraph 52 of the First Amended Complaint.

53.    ComAir is without information sufficient to admit or deny the averments of paragraph 53 of the First Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim against ComAir upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have an adequate remedy at law.

WHEREFORE, ComAir demands:

1.    That Plaintiffs' claims against it be dismissed and that judgment enter in favor of ComAir on Plaintiffs' First Amended Complaint;

2.    That ComAir be awarded its costs of defense; and

3.    That ComAir be awarded such other relief as the Court deems proper.

Commonwealth Air Conditioning & Heating, Inc.
By Its Attorneys

Date: 8-19-05

Kieran B. Meagher
BBO# 340920
Kieran B. Meagher Associates LLC
92 Montvale Avenue, Suite 4180
Stoneham, MA  02180
(781) 246-1101

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August 2005 I served a copy of the foregoing document, by first-class mail, postage prepaid, upon all parties of record.

Kieran B. Meagher

C:\Shared\KBM\Higgins\New England Ventilation-Keogh et al\Answer Com Air 8 18 05.doc