UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT W. KEOGH, as he is ADMINISTRATOR, and FESTUS JOYCE AND JOHN S. DESMOND, as they are TRUSTEES, SHEET METAL WORKERS LOCAL UNION NO. 17 INSURANCE AND ANNUITY FUNDS; KEVIN GILL, as he is TRUSTEE, and STEPHEN MCKENZIE, as he is ADMINISTRATOR, SHEET METAL WORKERS LOCAL UNION NO. 17 APPRENTICE AND TRAINING FUND; THOMAS GUNNING, JR., as he is ADMINISTRATOR, EASTERN MASSACHUSETTS SHEET METAL INDUSTRY FUND, JOSEPH BERGANTINO, as he is TRUSTEE, LABOR MANAGEMENT COOPERATION TRUST FUND, JOHN HEALY, as he is TRUSTEE, SHEET METAL WORKERS LOCAL UNION NO. 17 SUPPLEMENTAL PENSION PLAN; BRUCE STOCKWELL AND KENNETH ALEXANDER, as they are TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, and as they are fiduciaries, NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION SCHOLARSHIP FUND, NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE; and SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST FUND; and the SHEET METAL WORKERS LOCAL UNION NO. 17,<br>Plaintiffs,<br><br>v.<br><br>NEW ENGLAND VENTILATION CO., INC.,<br>Defendant,<br><br>and<br><br>J.C. HIGGINS CORP.; CORPORATE MECHANICAL, INC.; FRED WILLIAMS, INC.; G. GREENE CONSTRUCTION CO., INC.; COMMONWEALTH AIR CONDITIONING & HEATING, INC.; US AIR CONDITIONING-HEATING, INC.; JE MERIT CONSTRUCTORS, INC.; N.B. KENNEY COMPANY, INC.; POIRIER & SPRINGER, INC.; BROOKSTONE | CA No. 05-11330 WGY |

> BUILDERS, INC.; RAYTHEON COMPANY;
> RAYTHEON EDUCATIONAL SYSTEMS, INC.;
> INTEL MASSACHUSETTS, INC.; THOMAS G.
> GALLAGHER, INC.; JOHNSON CONTROLS,
> INC.; WYETH PHARMACEUTICALS, INC.
> AND/OR WYETH LABORATORIES, INC.; and
> YORK OPERATING COMPANY d/b/a
> YORK INTERNATIONAL CORPORATION,
>     Reach and Apply Defendants,
>
> and
>
> BANKNORTH N.A. and SOVEREIGN BANK,
>
>     Trustees.

## ANSWER

Defendant Intel Massachusetts, Inc., ("Intel Massachusetts") by its attorneys, hereby answers the allegations in the First Amended Complaint of Plaintiffs in the above-captioned action, on information and belief, as follows:

1. Paragraph "1" states a legal conclusion to which no answer is necessary. To the extent an answer is required, Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the First Amended Complaint.

2. Paragraph "2" states a legal conclusion regarding jurisdiction to which no answer is necessary. To the extent an answer is required, Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the First Amended Complaint.

3. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the First Amended Complaint. To the extent Paragraph "3" states a legal conclusion, no answer is necessary.

4. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the First Amended Complaint. To the extent Paragraph "4" states a legal conclusion, no answer is necessary.

5. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the First Amended Complaint. To the extent Paragraph "5" states a legal conclusion, no answer is necessary.

6. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the First Amended Complaint. To the extent Paragraph "6" states a legal conclusion, no answer is necessary.

7. Paragraph "7" states a legal conclusion to which no answer is necessary. To the extent an answer is required, Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the First Amended Complaint.

8. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the First Amended Complaint.

9. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the First Amended Complaint.

10. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the First Amended Complaint. To the extent Paragraph "10" states a legal conclusion, no answer is necessary.

11. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the First Amended Complaint.

12. Paragraph "12" of the First Amended Complaint does not require a response.

13. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the First Amended Complaint. To the extent Paragraph "13" states a legal conclusion, no answer is necessary.

14. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the First Amended Complaint. To the extent Paragraph "14" states a legal conclusion, no answer is necessary.

15. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the First Amended Complaint. To the extent Paragraph "15" states a legal conclusion, no answer is necessary.

16. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the First Amended Complaint. To the extent Paragraph "16" states a legal conclusion, no answer is necessary.

17. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the First Amended Complaint. To the extent Paragraph "17" states a legal conclusion, no answer is necessary.

18. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the First Amended Complaint. To the extent Paragraph "18" states a legal conclusion, no answer is necessary.

19. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the First Amended Complaint. To the extent Paragraph "19" states a legal conclusion, no answer is necessary.

20. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the First Amended Complaint. To the extent Paragraph "20" states a legal conclusion, no answer is necessary.

21. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the First Amended Complaint. To the extent Paragraph "21" states a legal conclusion, no answer is necessary.

22. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the First Amended Complaint. To the extent Paragraph "22" states a legal conclusion, no answer is necessary.

23. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the First Amended Complaint. To the extent Paragraph "23" states a legal conclusion, no answer is necessary.

24. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the First Amended Complaint. To the extent Paragraph "24" states a legal conclusion, no answer is necessary.

25. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the First Amended Complaint. To the extent Paragraph "25" states a legal conclusion, no answer is necessary.

26. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the First Amended Complaint. To the extent Paragraph "26" states a legal conclusion, no answer is necessary.

27. Intel Massachusetts admits that it is a Delaware corporation registered in Massachusetts, with a principal place of business at 2200 Mission College Boulevard, Santa Clara, California and a place of business in Marlborough, Massachusetts. Intel Massachusetts admits that New England Ventilation Company performed services for it, but denies that it owes any money to Defendant New England Ventilation Company. To the extent Paragraph "27" states a legal conclusion, no answer is necessary.

28. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the First Amended Complaint. To the extent Paragraph "28" states a legal conclusion, no answer is necessary.

29. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the First Amended Complaint. To the extent Paragraph "29" states a legal conclusion, no answer is necessary.

30. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the First Amended Complaint. To the extent Paragraph "30" states a legal conclusion, no answer is necessary.

31. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the First Amended Complaint. To the extent Paragraph "31" states a legal conclusion, no answer is necessary.

32. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the First Amended Complaint.

33. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the First Amended Complaint.

34. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the First Amended Complaint, and refers to the documents referenced therein, which speak for themselves.

35. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the First Amended Complaint, and refers to the documents referenced therein, which speak for themselves.

36. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the First Amended Complaint, and refers to the documents referenced therein, which speak for themselves. To the extent Paragraph "36" states a legal conclusion, no answer is necessary.

37. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the First Amended Complaint, and refers to the documents referenced therein, which speak for themselves.

38. With respect to paragraph "38" of the First Amended Complaint, Intel Massachusetts repeats and re-alleges its response to paragraphs "1" through "37" as if fully set forth herein.

39. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the First Amended Complaint.

40. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the First Amended Complaint.

41. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the First Amended Complaint.

42. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the First Amended Complaint.

43. Paragraph "43" states a legal conclusion to which no answer is necessary. To the extent an answer is required, Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the First Amended Complaint.

44. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the First Amended Complaint.

45. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the First Amended Complaint.

46. With respect to paragraph "46" of the First Amended Complaint, Intel Massachusetts repeats and re-alleges its response to paragraphs "1" through "45" as if fully set forth herein.

47. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the First Amended Complaint.

48. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the First Amended Complaint, and refers to the documents referenced therein, which speak for themselves.

49. Paragraph "49" states a legal conclusion to which no answer is necessary. To the extent an answer is required, Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the First Amended Complaint.

50. With respect to paragraph "50" of the First Amended Complaint, Intel Massachusetts repeats and re-alleges its response to paragraphs "1" through "49" as if fully set forth herein.

51. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the First Amended Complaint, except it admits that New England Ventilation Company performed services for it and except that it denies it owes any money to New England Ventilation Company or is otherwise indebted to the New England Ventilation Company. To the extent Paragraph "51" states a legal conclusion, no answer is necessary.

52. Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the First Amended Complaint.

53. Paragraph "53" states a legal conclusion to which no answer is necessary. To the extent an answer is required, Intel Massachusetts denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the First Amended Complaint.

### AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Intel Massachusetts alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The claims in the First Amended Complaint do not allege facts sufficient to state a claim upon which relief may be granted against Intel Massachusetts.

WHEREFORE, Intel Massachusetts denies that Plaintiff is entitled to judgment or any of the relief sought in the First Amended Complaint.

Dated: September 19, 2005

CHOATE, HALL & STEWART LLP
SIMPSON, THACHER & BARTLETT LLP

By: /s/ A. Hugh Scott
A. Hugh Scott, Esq. (BBO No. 449160)
HScott@choate.com
Richard M. Harper II (BBO No. 634782)
RHarper@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

-and-

OF COUNSEL

George M. Newcombe, Esq.
Timothy J. Cornell, Esq.
SIMPSON THACHER & BARTLETT LLP
gnewcombe@ stblaw.com
tcornell@stbalw.com
425 Lexington Avenue
New York, New York  10017
(212) 455-2000

    Attorneys for Reach and Apply Defendant
    INTEL MASSACHUSETTS, INC.

3984692v1