## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT W. KEOGH, as he is ADMINISTRATOR, and FESTUS JOYCE AND JOHN S. DESMOND, as they are TRUSTEES, SHEET METAL WORKERS LOCAL UNION NO. 17 INSURANCE AND ANNUITY FUNDS; et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NEW ENGLAND VENTILATION CO., INC.,<br>　　　　　Defendant,<br><br>　　and<br><br>J.C. HIGGINS CORP. et al.,<br>　　　　　Reach and Apply Defendants,<br><br>　　and<br><br>BANKNORTH N.A. and SOVEREIGN BANK,<br>　　　　　Trustees. | C.A. No. 05-11330 WGY |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT
JUDGMENT AGAINST NEW ENGLAND VENTILATION COMPANY INC.**

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement and the Employment Retirement Income Security Act of 1974 (hereinafter "ERISA"), as amended, 29 U.S.C. §§1001 et seq. Plaintiffs Robert W. Keogh, as he is Administrator, and Festus Joyce and John Desmond, as they are Trustees, of the Sheet Metal Workers Local 17 Insurance and Annuity Funds, et al. (hereinafter "the Local and National Funds"), are employee benefit plans and trust funds. Defendant New England Ventilation Company (hereinafter "NEVC") is a Massachusetts corporation that has defaulted in

this matter. This action was brought pursuant to Sections 502(a)(3) and 515 of ERISA, as amended, 29 U.S.C. §1132(a)(3) and §1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 USC §185.

The Court has exclusive jurisdiction of this action pursuant to Section 502(a), (d), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), and Section 301 of the LMRA, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

A Notice of Default was issued by the Clerk on December 16, 2005. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. The Plaintiffs now seek a judgment holding defendant liable for $470,932.02, representing contributions owed to the Local and National Funds for the period March 1 through June 15, 2005, plus prejudgment interest, liquidated damages, late fees, reasonable attorneys' fees, and costs.

**FACTS**

NEVC is bound by a collective bargaining agreement ("Agreement" or Labor Contract") between Local Union No. 17 of the Sheet Metal Workers' International Association ("Local 17" or the "Union") and the Sheet Metal and Air Conditioning Contractors National Association ("SMACNA") Boston, Inc., of which it is a member. Under that Agreement, NEVC is obligated to contribute to the Sheet Metal Workers' Local Union No. 17 Insurance, Annuity, Supplemental Pension, and Apprentice and Training Funds, the Eastern Massachusetts Sheet Metal Industry Fund, and the Labor Management Cooperation Trust, (all referred to herein collectively as "the Local Funds"), as well as the Sheet Metal Workers' National Pension Fund, the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI")(f/k/a National Training Fund for the Sheet Metal and Air Conditioning Industry), Sheet Metal Workers International Association Scholarship Fund ("SMWIASF"), National Energy Management

Institute Committee ("NEMI") and Sheet Metal Occupational Health Institute Trust Fund ("SMOHI"), (all referred to herein collectively as "the National Funds"), as provided in the Agreement on behalf of all employees covered by the Agreement.

The Sheet Metal Workers' Local Union No. 17 Insurance, Annuity, Supplemental Pension, Apprentice and Training Funds, Sheet Metal Workers' National Pension Fund, ITI, SMWIASF and SASMI are "multiemployer plan[s]" and "employee benefit plan[s]" within the meaning of ERISA, 29 U.S.C. §1002(1)(2)(3) and (37), and jointly trusteed funds established and maintained under 29 U.S.C. §186(c). NEMI, SMOHI and the Labor Management Cooperation Trust are jointly trusteed trust funds established and maintained under 29 USC §186(c). See First Amended Complaint and Affidavits of Walter Shaw ("Shaw"), Diane Ferguson ("Ferguson") and Robert W. Keogh ("Keogh"), filed with this Memorandum.

According to the Agreement, NEVC is required to make contributions to the Local and National Funds for each hour worked by covered employees, and to submit remittance reports showing the hours worked by covered employees and the amount of contributions owed on a monthly basis. NEVC is required to remit payment of contributions by the middle of the month following the month in which the hours were worked, or the contributions become delinquent. Additionally, NEVC is bound to the terms and conditions of Local and National Fund trust agreements, rules and regulations or policies regarding payment of contributions and collection of delinquent or unpaid contributions. See Shaw, Ferguson and Keogh Affidavits; First Amended Complaint, Exhibit B.

Based on review of their records, the National Funds have determined that NEVC owes them a total of $181,844.51 in unpaid contributions due under the Agreement for the period March 1 through June 15, 2005, as well as $13,319.94 in interest, $57,658.60 in liquidated damages, and $2,913.72 in late fees. See Shaw and Ferguson Affidavits. Based on review of

their records, the Local Funds have determined that NEVC owes them a total of $253,582.78 in unpaid contributions due under the Agreement for the period March 1 through June 15, 2005, as well as $4,326.60 in interest and $42,906.78 in liquidated damages. See Keogh Affidavit. To date, $136,746.56 has been paid by third parties, including property owners and general contractors, for unpaid contributions owed by NEVC. These funds were recently received, and have not yet been apportioned among all of the Funds, but their payment will reduce the overall amount of unpaid contributions owed to the Local and National Funds to $298,680.73. See Keogh Affidavit. Attorneys' fees incurred by the Local and National Funds combined on this matter total $43,508.61, and costs total $7,617.04 to date. See Affidavits of Elizabeth A. Sloane ("Sloane") and Shelley R. Goldner ("Goldner"), accompanying this Memorandum.

Finally, NEVC has failed to respond to the Funds with regard to this litigation, and never filed an Answer to the Complaint.

## ARGUMENT

Judgment by default should enter where plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, the Plaintiffs' claim is for a sum certain. The Local and National Funds have ascertained that NEVC owes them collectively a balance of $298,680.73 in unpaid benefit fund contributions due under the Agreement for the period March 1 through June 15, 2005, plus prejudgment interest, liquidated damages, late fees and attorneys' fees and costs. NEVC has never disputed or challenged the amount alleged as owed, and never otherwise asserted its position with respect to liability to the Funds.

Prejudgment interest on the unpaid contributions is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B), and Local and National Fund trust agreements, rules and regulations or policies. The Local and National Funds have calculated the total amount of prejudgment interest owed by NEVC to date to be $17,646.54.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20% of the unpaid contributions (or such higher percentage as may be permitted under Federal or state law) or in an amount equal to interest on the unpaid contribution, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii); Shaw, Ferguson and Keogh Affidavits. In the instant case, nearly all of the Local and National Funds trust agreements, rules and regulations or policies authorize or require assessment of liquidated damages for delinquent contributions in the amount of 20% of the unpaid contributions. The total amount of liquidated damages calculated as owed to the Local and National Funds is $100,565.38. See Shaw, Ferguson and Keogh Affidavits. Pursuant to the National Funds' trust agreements, rules and regulations, to which NEVC is bound, $2,913.72 in late fees is also owed by NEVC on the unpaid contributions.

Finally, ERISA, as well as Local and National Fund trust agreements, rules and regulations or policies, mandate payment of reasonable attorneys' fees and costs for collection of delinquent, unpaid contributions. 29 U.S.C. §1132(g)(2)(D); Shaw, Ferguson and Keogh Affidavits. Reasonable attorneys' fees and costs of this action total $51,125.65. See Sloane and Goldner Affidavits.

All of these figures demonstrate that the Local and National Funds' claim is for a sum certain of $470,932.02. NEVC has been defaulted for failure to appear, and NEVC is neither an infant nor incompetent person, and is not in the military service. See Keogh Affidavit.

**CONCLUSION**

For all the foregoing reasons, the Plaintiff Local and National Funds respectfully submit that the Court grant their Motion for Entry of Default Judgment, and that judgment enter against Defendant NEVC in the amount of $470,932.02, representing $298,680.73 in unpaid contributions due from March 1 through June 15, 2005; $17,646.54 in prejudgment interest; $2,913.72 in late fees; $100,565.38 in liquidated damages; and $51,125.65 for the attorneys' fees and costs related to this matter.

                                              Respectfully submitted,

ROBERT W. KEOGH, as he is
ADMINISTRATOR, and FESTUS JOYCE
AND JOHN DESMOND, as they are
Trustees, SHEET METAL WORKERS
LOCAL NO. 17 INSURANCE AND
ANNUITY FUNDS, et al.,
by their attorneys,

/s/ Elizabeth A. Sloane
Donald J. Siegel, Esq., BBO#461500
Elizabeth A. Sloane, Esq., BBO#567866
SEGAL, ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA  02108
(617) 742-0208
esloane@segalroitman.com

SHEET METAL WORKERS
LOCAL UNION NO. 17,
by its attorneys,

/s/ Paul F. Kelly
Paul F. Kelly, Esq., BBO#267000
SEGAL, ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA  02108
(617) 742-0208
pkelly@segalroitman.com

Dated:  January 27, 2006

## **CERTIFICATE OF SERVICE**

      This is to certify that a copy of the above Memorandum of Law in Support of Plaintiffs' Motion for Entry of Default Judgment Against New England Ventilation Company has been served this 27th day of January 2006 by mailing the same first class mail, postage prepaid, on the defendants or counsel for defendants as follows:

Rich Dupre
New England Ventilation Company
c/o 56B West Main Street
W. Groton, MA  01450

John Mazuy, Esq.
(Counsel for Thomas G. Gallagher)
Corwin & Corwin
One Washington Mall
Boston, MA  02108-2693

Richard M. Harper II, Esq.
(counsel for Intel Massachusetts)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA  02110

Corporate Mechanical
Attn:  Mike Mahoney
200 Jefferson Rd.
Wilmington, MA  01887

Brookstone Builders
Attn:  Paula Scales
97 Eddy Road
Manchester, NH  03102

and has been served by CM/ECF on the following defendants' counsel:

| | |
|---|---|
| Carolyn M. Francisco | cfrancisco@corwinlaw.com |
| David J. Gorman | dgorman@naisp.net |
| Mary B. Murrane | mary.murrane@bingham.com |
| Kieran Meagher | kmeagher@kmeagherlaw.com |

                                              /s/ Elizabeth A. Sloane
                                              Elizabeth A. Sloane

eas/8603/NEVC/Pleadings/DefJudgMemo.doc