UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT W. KEOGH, as he is ADMINISTRATOR, and )
FESTUS JOYCE AND JOHN S. DESMOND, as they are )
TRUSTEES, SHEET METAL WORKERS LOCAL )
UNION NO. 17 INSURANCE AND ANNUITY FUNDS; )
et al., )
        Plaintiffs, )
)
v. )
) C.A. No. 05-11330 WGY
NEW ENGLAND VENTILATION CO., INC., )
        Defendant, )
)
and )
)
J.C. HIGGINS CORP. et al., )
        Reach and Apply Defendants, )
)
and )
)
BANKNORTH N.A. and SOVEREIGN BANK, )
        Trustees. )

## AFFIDAVIT OF ROBERT W. KEOGH

1.     My name is Robert W. Keogh. I am the Administrator of the Sheet Metal Workers' Local Union No. 17 Insurance and Annuity Funds, and authorized representative for the purposes of this case for the Sheet Metal Workers Local Union No. 17 Supplemental Pension Fund, Sheet Metal Workers Local Union No. 17 Apprentice and Training Trust Fund, Eastern Massachusetts Sheet Metal Industry Fund, and Labor Management Cooperation Trust, hereinafter collectively referred to as the "Local Funds." The Insurance, Annuity, Supplemental Pension, and Apprentice and Training Funds are multi-employer plans within the meaning of

§3(37) of ERISA, 29 U.S.C. §1002(37). The Labor Management Cooperation Trust is a jointly trusteed trust fund established and maintained under 29 U.S.C. §186(c).

2. Contributions received from employers to the Local Funds, as well as to the Sheet Metal Workers' National Pension Fund, National Stabilization Agreement of the Sheet Metal Industry Trust Fund, National Energy Management Institute Committee, Sheet Metal Occupational Health Institute Trust Fund, International Training Institute for the Sheet Metal and Air Conditioning Industry, and Sheet Metal Workers' International Association Scholarship Fund, collectively referred to herein as the "National Funds", are transmitted through the Sheet Metal Workers' Local Union No. 17 Insurance and Annuity Funds' office to the various funds.

3. As part of my responsibilities, I monitor and assist in the collection of employer contributions to the Local Funds and at times, the National Funds. I am familiar with the records of payment of contributions by contributing employers to the Local Funds.

4. New England Ventilation Co., Inc. ("NEVC") of Tewksbury, Massachusetts is bound by a collective bargaining agreement ("Agreement") between the Sheet Metal Workers Local Union No. 17 ("Local 17") and SMACNA, of which it is a member, to contribute to the Local and National Funds for each hour worked by covered employees for periods including March 1 through June 15, 2005. Contributions are due by the middle of the month following the month in which the hours were worked, and delinquent if not paid by that time. Employers are also required to submit remittance reports to the Funds on a monthly basis, which show the amount of hours worked by covered employees and the amount of contributions owed for the month. See the Agreement and list of SMACNA members, attached to the Complaint and First Amended Complaint as Exhibits A and B.

5. I have reviewed the remittance reports submitted by NEVC for the period March 1 through June 15, 2005, and other records produced as a result of an audit of NEVC in July 2005, and have determined that the Local Funds have not received all contributions due from NEVC on behalf of employees covered by the Agreement for that period.

6. Based on the audit and remittance reports submitted by NEVC, I have determined that NEVC owes the Local Funds $253,582.78 in unpaid contributions for the period March 1 through June 15, 2005.

7. Under the Local Funds' policies for collection of delinquent and unpaid contributions, to which NEVC is bound, interest is assessed on the unpaid contributions at the Internal Revenue Service short term rate. Additionally, under the collection polices of the Local 17 Insurance and Annuity Funds, liquidated damages may be assessed in an amount of 20% of the unpaid contributions when they become delinquent.

8. The prejudgment interest calculated as owed by NEVC on the unpaid contributions as of January 27, 2005 is $4,326.60. The liquidated damages calculated as owed on the unpaid contributions owed to the Insurance and Annuity Funds as of the time they became delinquent is $42,906.78.

9. To date, the Local Funds have collected $136,746.56 from third parties, including contractors and property owners, most of which was recently received by my office. This amount will be apportioned among all of the funds, and will be credited against the amount of unpaid contributions. The apportionment has not yet been made because the funds were recently received.

10. At this point in time, and before crediting for the amount received from third parties, the Local Funds' records show that the total owed by NEVC to the Local Funds for unpaid contributions, prejudgment interest and liquidated damages is $300,816.16.

11. The records reviewed by me show that the total amount of unpaid contributions owed by NEVC to the Local and National Funds, taking into account the amount received from third parties, is $298,680.73. NEVC has failed to pay this remaining amount of unpaid contributions.

12. Finally, I also make this affidavit pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act.

13. I have caused careful investigation to be made to ascertain whether NEVC is within the military service of the United States, and have concluded on the basis of such investigation that it is not. I have also caused careful investigation to be made to ascertain whether NEVC is an infant or incompetent person, and have concluded on the basis of such investigation that it is not.

14. The information contained in this affidavit is true and correct to the best of my personal knowledge.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 26th DAY OF JANUARY, 2006.

_____
Robert W. Keogh