UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT W. KEOGH, as he is ADMINISTRATOR, and FESTUS JOYCE AND JOHN S. DESMOND, as they are TRUSTEES, SHEET METAL WORKERS LOCAL UNION NO. 17 INSURANCE AND ANNUITY FUNDS; et al.,<br>         Plaintiffs,<br><br>v.<br><br>NEW ENGLAND VENTILATION CO., INC.,<br>         Defendant,<br><br>and<br><br>J.C. HIGGINS CORP., et al.<br>         Reach and Apply Defendants,<br><br>and<br><br>BANKNORTH N.A. and SOVEREIGN BANK,<br>         Trustees. | C.A. No. 05-11330 WGY |

### AFFIDAVIT OF DIANE FERGUSON

DIANE FERGUSON declares and says as follows:

1.  I am the Fund Administrator for the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI Trust Fund"). I have held this position since 1997. My responsibilities include the determination of the amount of a contributing employer's delinquency and coordinating all matters relating to its collection. As Fund Administrator, I am familiar with the payment histories of employers obligated to make contributions to the SASMI

163505-1

Trust Fund. I make this affidavit in support of the request for delinquent contributions, interest, contractual late charges, liquidated damages, and injunctive relief set forth in the Motion for Default Judgment filed in this case.

2. The SASMI Trust Fund is a "benefit plan" established by the Sheet Metal Workers International Association ("Union") and employers throughout the United States to provide underemployment, supplemental unemployment, health benefits and other related benefits to the employees who are represented by the Union for purposes of collective bargaining. The SASMI Trust Fund is administered in Virginia from its and my principal place of business at 601 North Fairfax Street, Suite 400, Alexandria, Virginia, 22314.

3. New England Ventilation Co., Inc. ("Company" or "Defendant"), a Massachusetts based company, is party to collective bargaining agreements ("Labor Contract") with Sheet Metal Workers' International Association Local Union No. 17 ("Local 17") that require Defendant to submit monthly remittance reports and pay contributions to the SASMI Trust Fund for time worked or paid to their covered employees. *See*, a true and correct copy of the Labor Contract, attached as Exhibit B to the Complaint and Amended Complaint. The Labor Contract further binds Defendant to the terms and conditions of the Fund's Trust Agreements and Rules and Regulations.

4. The SASMI Trust Fund's records show that Defendant failed to remit its contributions in a timely manner for the period March 2005 through June 2005.

5. Based upon my review of the SASMI Trust Fund's records, including the Trust Agreement and Rules and Regulations, I have determined this Defendant owes at least $65,759.35, which includes the following:

>(a) Contributions of $35,750.26 for the period March 2005 through June 2005.
>
>(b) Interest of $1,568.88 calculated pursuant to Art. II, Sec. 2 of the Rules and Regulations through January 27, 2006.
>
>(c) Liquidated damages of $28,440.21 on the unpaid contributions calculated pursuant to Art. II, Sec. 1 of the Rules and Regulations.

*See*, Exhibit 1.

6.  Despite a continuing contractual obligation to do so, Defendant routinely has failed to submit proper contribution amounts and timely monthly remittance reports. The SASMI Trust Fund and its Trustees are required to pay benefits to all properly eligible employees of contributing employers. Employer contributions and the earnings, which the SASMI Trust Fund receives by investing these contributions, comprise the assets from which the SASMI Trust Fund pays benefits. Employees of contributing employers can continue to accrue benefit eligibility regardless of whether their employers pay the contributions on their behalf for these hours. The SASMI Trust Fund's obligation to provide these benefits to otherwise eligible employees is absolute and continues even if the employers fail to pay their required contributions. When employers fail to pay their contributions or do not pay them timely, the SASMI Trust Fund is deprived of the investment income it otherwise could have earned. In addition, the SASMI Trust Fund also must engage in time consuming and costly efforts to collect the unpaid contributions. These efforts include letters and phone calls to the employer and the local union, investigating other sources for collection (i.e. labor and materialmens bonds, mechanics liens, possible claims under varying State construction lien laws) and attempting to

calculate delinquency amounts through other sources (e.g. paystubs, job steward's reports, and certified payrolls on publicly funded projects) if available. The SASMI Trust Fund also has to process benefit eligibility and benefit claims manually so that participants employed by the delinquent employer are not deprived of benefits. The actual losses and added costs (in terms of dollar amounts, capital, and manpower) incurred by the SASMI Trust Fund in connection with an employer contribution delinquency are not capable of precise determination, but are substantial. The refusal of Defendant to contribute as it is bound means irreparable harm and injury to the SASMI Trust Fund -- an obligation to make benefit payments to employees without the necessary contributions from Defendant to cover those benefits. This also deprives the SASMI Trust Fund of assets that would otherwise be available to pay claims of employees of other employers that have timely paid their contribution obligations.

I declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: JAN 24, 2006

_____
DIANE FERGUSON

# EXHIBIT 1

Company owes the Funds the sum of $258,720.77. This amount includes the following for each of the Funds:

| Fund[1] | Contributions[2] | Interest[3] | Liquidated Damages[4] | Late Fees | Attorneys' Fees[5] | TOTAL |
|---|---|---|---|---|---|---|
| NPF | 141,431.74 | 11,375.98 | 28,286.25 | 2,913.72 | 2,374.16 | 186,381.85 |
| ITI | 3,108.39 | 250.02 | 621.59 | 0.00 | 0.00 | 3,980.00 |
| NEMI | 777.06 | 62.52 | 155.33 | 0.00 | 0.00 | 994.91 |
| SMOHI | 518.06 | 41.68 | 103.52 | 0.00 | 0.00 | 663.26 |
| SMWIASF | 259.00 | 20.86 | 51.70 | 0.00 | 0.00 | 331.56 |
| SASMI | 35,750.26 | 1,568.88 | 28,440.21 | 0.00 | 609.84 | 66,369.19 |
| TOTAL | 181,844.51 | 13,319.94 | 57,658.60 | 2,913.72 | 2,984.00 | $258,720.77 |

---

[1] The NPF, ITI, SMWIASF, NEMI and SMOHI are referred to jointly as "National Funds."
[2] Calculated for the period March 2005 through June 2005 for the National Funds and March 2005 through June 2005 for SASMI.
[3] Calculated through January 27, 2006.
[4] Liquidated damages are calculated at twenty percent (20%) of the contribution amount for contributions paid more than thirty (30) days after the due date.
[5] Incurred in this matter through January 20, 2006.

163505-1                                            2